**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| TROY SANDERS, | No. 23-4110 |
| Plaintiff - Appellant, | D.C. No.<br>2:23-cv-05047-JLS-AS |
| v. | |
| CALIFORNIA DEPARTMENT OF<br>CORRECTIONS AND<br>REHABILITATION; COUNTY OF<br>KERN; RAYBON JOHNSON; DOES, 1<br>through 50, inclusive, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted November 5, 2024
Pasadena, California

Before: SCHROEDER, CALLAHAN, and WALLACH, Circuit Judges.[**]

In June 2018 a jury found Troy Sanders guilty of first-degree murder and

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Evan J. Wallach, United States Circuit Judge for the Federal Circuit, sitting by designation.

attempted murder. The California Court of Appeal for the Fifth District reversed on March 11, 2021, holding there was insufficient evidence to convict Sanders. The government petitioned the California Supreme Court for review, but the California Supreme Court denied review on June 9, 2021. The Court of Appeal issued a remittitur on June 10, 2021, and Sanders was released from the California Department of Corrections and Rehabilitation ("CDCR") on June 24, 2021.

Sanders filed suit in federal court in June 2023 under 42 U.S.C. § 1983 alleging that the CDCR, Warden Raybon Johnson Jr., and Kern County (collectively, "Defendants") violated his constitutional rights by detaining him for approximately 105 days after the California Court of Appeal reversed his conviction. In opposing CDCR and Warden Johnson's motion to dismiss, Sanders argued that he had a Fourteenth Amendment liberty interest in his immediate release from custody after the Court of Appeal reversed his convictions. The district court granted the motion to dismiss and dismissed Sanders' complaint without leave to amend in part because the cases Sanders relied on do not "clearly establish" his asserted liberty interest. We have jurisdiction under 28 U.S.C. § 1291 and we review the district court's order de novo. *Soo Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017). We affirm.

Sanders argues that it was "clearly established" that an intermediate court vacating a conviction based on insufficient evidence "acts as an acquittal of all

criminal charges, which would invalidate any legal authority for the government's detention of [him] following the date of that order." However, none of the cases cited by Sanders held that there is an immediate and final effect of acquittal after an intermediate appellate court's reversal for insufficiency of the evidence. An intermediate court's reversal invalidates the legal authority for detention only after that decision becomes final "on direct review." *See Bell v. State of Maryland*, 378 U.S. 226, 232 (1964). The cases relied on by Sanders therefore do not "clearly establish[]" the unlawfulness of Defendants' decision to hold Sanders pending the government's petition to the California Supreme Court. *See District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018).

The cases cited by Sanders in the district court also do not "clearly establish" the unlawfulness of Defendants' conduct. Sanders does not argue that he made "repeated protests of innocence" after receiving the Court of Appeal decision such that Defendants would have been on notice of his claimed innocence and alleged right to be released, *see Baker v. McCollan*, 443 U.S. 137, 144–45 (1979), nor did Sanders claim that any of the Defendants had made a clerical error that violated a state statute resulting in his prolonged detention, *see Oviatt v. Pearce*, 954 F.2d 1470, 1476 (9th Cir. 1992). Sanders also does not argue that Defendants withheld information that "caused" Sanders' detention after the Court of Appeal decision. *See Tatum v. Moody*, 768 F.3d 806, 819–20 (9th Cir. 2014). Finally, Defendants

acted pursuant to California's statutory procedure for releasing inmates, and Sanders does not argue that this statutory scheme "is patently violative of fundamental constitutional principles" or that Defendants enforced California law "in a particularly egregious manner." *Grossman v. City of Portland*, 33 F.3d 1200, 1209–10 (9th Cir. 1994).

**AFFIRMED**.